**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>Bhavi Hospitality LLC,<br><br>Debtor. | Chapter 11<br><br>Case No.: 24-30972-SWE |

**HOLIDAY HOSPITALITY FRANCHISING, LLC'S LIMITED OBJECTION TO
DEBTOR'S PLAN OF REORGANIZATION UNDER
SUBCHAPTER V OF CHAPTER 11**

Holiday Hospitality Franchising, LLC ("HHF"), by and through its undersigned counsel, hereby filed this Limited Objection to Debtor's Plan of Reorganization Under Subchapter V of Chapter 11 [Doc. 73], and states as follows:

**BACKGROUND**

1. HHF, as licensor, and Bhavi Hospitality LLC (the "Debtor"), as licensee, are parties to that certain Holiday Inn Express® & Suites Hotel New Development License Agreement dated September 24, 2015 (as the same may have been amended, the "License Agreement") that permits the Debtor to operate a Holiday Inn Express® branded hotel (the "Hotel"). A true and correct copy of the License Agreement is attached as Exhibit A to HHF's Amended Proof of Claim No. 3 filed in this case.

2. During the pendency of this bankruptcy, the Debtor has been operating the Hotel subject to the License Agreement. Pursuant to the License Agreement, the Debtor is required to perform all of its obligations under the License Agreement, including continuing to pay the

LEGAL02/44622891v1

Document      Page 2 of 5

monetary obligations (the "Franchise Fees") as they come due. Pursuant to the interim orders granting the Debtor's use of cash collateral [Docs. 56 & 71] ("Cash Collateral Orders"), the Debtor was authorized to use cash collateral to pay the Franchise Fees in the ordinary course during this case.

3. Section 6.8 of the Plan provides that the Debtor will assume the License Agreement, but the Plan is silent regarding the proposed cure amount, timing of cure payment, and when the License Agreement is deemed assumed.

## **LIMITED OBJECTION**

4. Section 365 of the Bankruptcy Code provides that a debtor in possession may assume or reject any executory contract or unexpired lease. *See* 11 U.S.C. § 365(a). If there has been a default under an executory contract, the debtor in possession may not assume such contract unless, at the time of assumption, the debtor in possession (a) cures, or provides adequate assurance that the debtor in possession will promptly cure, such default, (b) compensates, or provides adequate assurance of prompt compensation, for any actual pecuniary loss resulting from such default, and (c) provides adequate assurance of future performance under such contract. *See* 11 U.S.C. § 365(b)(1)(A)–(C).

5. Debtors much cure all pre- and post-petition defaults in conjunction with the assumption and assignment of the License Agreement. 11 U.S.C. § 365(b)(1); *see In re Fleming Cos.*, No. 03-10945 (MFW), 2004 Bankr. LEXIS 198, at *13 (Bankr. D. Del. Feb. 27, 2004) ("Section 365 provides that a debtor cannot assume an executory contract on which there has been a default unless it cures or provides adequate assurance that it will promptly cure such default.") (citing 11 U.S.C. § 365(b)(1)(A)); *accord In re Liljeberg Eners., Inc.*, 304 F.3d 410

LEGAL02/44622891v1

(5th Cir. 2002) ("[T]he debtor party must take full account of the cost to cure all existing defaults owed to the non-debtor party when assessing whether the contract is beneficial to the estate.").

6. In order to assume the License Agreement, the Debtor must pay to HHF before or on the Effective Date of the Plan a monetary cure payment of $71,833.61 for unpaid pre-petition Franchise Fees, *plus* $22,500 as reimbursement of its attorneys' fees and costs, for a total monetary cure of $94,333.61.  *See* License Agreement at ¶14.J.  Debtor must also be required to pay all post-petition Franchise Fees due under the License Agreement in the ordinary course as they become due in order to remain in compliance with the License Agreement and Cash Collateral Orders, and to avoid the unnecessary accrual of administrative expense claims or increase of cure costs.  HHF further requests that the Debtor be required to assume any ancillary agreements to the License Agreement, including the Master Technology Agreement between the Debtor and HHF's parent company Six Continents Hotels, Inc. ("SCH") dated September 27, 2018, which permits the Debtor to acquire certain software, hardware, services, training, and access of the reservation system necessary for the Debtor to operate the Hotel.

7. HHF further requests that the Plan or any confirmation order makes clear that nothing contained in the discharge, releases, and injunction provisions of Article VIII of the Plan, is intended to alter, change, or otherwise modify HHF's rights with respect to the personal guaranties by Mehul Gajera, Hinal Gajera, Kirit S. Patel, Shobha K. Patel, Prashant Gajera, and Shilpa Gajera's obligations under the License Agreement. *See NLRB v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (when a debtor assumes an executory contract, "it assumes the contract *cum onere*").

3

## RESERVATION OF RIGHTS

8. The Plan is subject to further objection and reservation of HHF's rights if the Plan is otherwise modified to affect the Debtor's treatment of the License Agreement and/or the cure required to assume the License Agreement.

## CONCLUSION

9. WHEREFORE, HHF respectfully requests (a) that any assumption the License Agreement (i) be conditioned upon full payment of $94,333.61, (ii) require the Debtor to remain current on post-petition Franchise Fees, (iii) require the Debtor to assume any ancillary agreements to the License Agreement, and (iv) clarify that the personal guaranties of the obligations under the License agreement remain unaltered, and (b) such other and further relief as the Court deems just and proper.

DATED: July 24, 2024      **ALSTON & BIRD LLP**

By: */s/ Jared M. Slade*
Jared M. Slade
Texas Bar No. 24060618
2200 Ross Avenue, Suite 2300
Dallas, TX 75201
Phone: 214-922-3424
Fax: 214-502-0365

And

Leib M. Lerner (CA Bar No. 227323)
Douglas J. Harris (CA Bar No. 329946)
350 South Grand Avenue, 51st Fl.
Los Angeles, CA 90071
Telephone: 213-576-1000
Facsimile: 213-576-1100
Email: leib.lerner@alston.com (admitted *pro hac vice*)
Email: douglas.harris@alston.com (admitted *pro hac vice*)

*Counsel to Holiday Hospitality Franchising, LLC*

## CERTIFICATE OF SERVICE

  I hereby certify that on July 24, 2024, a true and correct copy of the foregoing HOLIDAY HOSPITALITY FRANCHISING, LLC'S LIMITED OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION UNDER SUBCHAPTER V OF CHAPTER 11 was electronically mailed to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District.

                   */s/ Jared M. Slade*
                   Jared M. Slade